**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| **JORGE MAURY MACHUCA-RIVERA,** | ) | |
| **Petitioner,** | ) | |
| **v.** | ) | **Civil Action No. 25-13902-FDS** |
| **ANTONE MONIZ, et al.,** | ) | |
| **Respondents.** | ) | |

**MEMORANDUM AND ORDER ON**
**PETITION FOR WRIT OF HABEAS CORPUS**

**SAYLOR, J.**

This is a habeas petition that concerns the government's authority to re-detain a noncitizen subject to an order of supervision following a final order of removal.[1] Petitioner Jorge Maury Machuca-Rivera legally entered the United States as a child approximately thirty years ago. He was ordered removed to Mexico in December 2023. However, following review by the Board of Immigration Appeals, he was granted deferral of removal under the Convention Against Torture, meaning that he cannot be removed to Mexico. He was then released from ICE

[1] The amended petition names Antone Moniz, Superintendent, Plymouth County Correctional Facility; Patricia Hyde, Boston Field Office Director, U.S. Immigration and Customs Enforcement; Todd Lyons, Acting Director, U.S. Immigration and Customs Enforcement; and Kristi Noem, U.S. Secretary of Homeland Security, as respondents. The Court notes that Moniz, as "the person who has custody over [the petitioner]," is the only proper respondent. 28 U.S.C. § 2242; *see Vasquez v. Reno*, 233 F.3d 688, 696 (1st Cir. 2000) ("[A]n alien who seeks a writ of habeas corpus contesting the legality of his detention by the INS normally must name as the respondent his immediate custodian, that is, the individual having day-to-day control over the facility in which he is being detained."); *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) ("[I]n habeas challenges to present physical confinement—'core challenges'—the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official."). The Court will therefore dismiss the claims against the other respondents.

custody under an order of supervision in December 2024. Approximately one year later, in December 2025, ICE took petitioner back into custody.

Petitioner contends that his re-detention violates 8 U.S.C. § 1231(a) and its implementing regulation, 8 C.F.R. § 241.13, in addition to his Fifth Amendment right to due process. Because the Court agrees that his redetention violates ICE's own regulation, the petition will be granted.

## I. Background

### A. Factual History

Petitioner Jorge Maury Machuca-Rivera was born in Mexico in 1994. (Decl. of Jorge Machuca Rivera ¶ 1, Dkt. No. 11). He entered the United States with his mother when he was two years old. (*Id.* ¶ 2). They settled in Boston, and he has lived in Boston for most of his life. (*Id.*).

At some point, petitioner was convicted in Massachusetts state court of assault and battery by discharging a firearm and possession of a firearm without a license. (Decl. of Keith M. Chan ¶ 8, Dkt. No. 9-1). While in prison, he was interviewed by ICE agents who determined that he had not entered the country legally. (*Id.* ¶¶ 8-9). Apparently following the conclusion of his state-court sentence, he was taken into ICE custody in May 2023. (*Id.* ¶ 10). He was served with a Notice to Appear charging him as inadmissible in June 2023. (*Id.* ¶ 11).

In December 2023, petitioner was ordered removed to Mexico following a hearing before the Elizabeth Immigration Court in Elizabeth, New Jersey. (*Id.* ¶ 13; Am. Pet. ¶ 6). He appealed that decision and, following remand from the Board of Immigration Appeals, was granted deferral of removal under the Convention Against Torture in August 2024. (Am. Pet. ¶ 7; Decl. of Keith M. Chan ¶ 15). The government did not appeal, and therefore the order of removal became final on September 23, 2024. (Am. Pet. ¶ 8). Under that decision, "[p]etitioner cannot

be removed to Mexico," and his removal must therefore be effected, if at all, to a third country. (Decl. of Keith M. Chan ¶ 15).

On December 21, 2024, petitioner was released from ICE custody on an order of supervision, after ICE failed to effect his removal during the 90-day removal period provided by 8 U.S.C. § 1231(a)(1). (Am. Pet. ¶¶ 15-16).

Before petitioner was released from custody, ICE "required" him "to identify potential third countries" to which he could potentially be removed, "despite [p]etitioner explaining that he had no ties, citizenship, residence, or legal status in any country other than the United States and Mexico." (Am. Pet. ¶ 11). "Under pressure from ICE, [p]etitioner identified Canada, China, and Japan" as potential third countries for removal "solely because he was required to provide names, not because he had any connection to those countries." (*Id.* ¶ 12).

On December 18, 2025, petitioner was re-detained by ICE following a check-in at the ICE field office in Burlington, Massachusetts. (*Id.* ¶ 19; Decl. of Keith M. Chan ¶¶ 18-19). ICE decided to revoke his order of supervision because it "determined that the purpose of [p]etitioner's release has been served and it is appropriate to enforce the removal order against him and remove him to a third country." (Decl. of Keith M. Chan ¶ 19). ICE did not, however, identify any third country that had agreed to accept him. (Am. Pet. ¶ 20). ICE currently represents that it is "actively working with ERO Headquarters to identify a third country for [petitioner's] removal." (Decl. of Keith M. Chan ¶ 21).

Petitioner is currently detained at Plymouth Country Correctional Facility in Plymouth, Massachusetts. (Am. Pet. ¶ 24).

**B. <u>Procedural History</u>**

On December 18, 2025, petitioner filed, through counsel, a petition for a writ of habeas

corpus. (Dkt. No. 1). The petition contends that his re-detention without an individualized determination was without probable cause, was arbitrary and capricious, and violated the Fifth Amendment's guarantee of due process as interpreted in *Zadvydas v. Davis*, 533 U.S. 678 (2001). (Pet. ¶¶ 14-19).

On December 20, 2025, the Court ordered that petitioner not be moved outside this District without prior notice until further order of the Court. (Dkt. No. 5).

On January 6, 2026, respondents answered the petition. (Dkt. No. 9). They initially contended that the detention was permissible under *Zadvydas* and that the revocation of his release complied with the relevant regulations. (*Id.* at 7-15).

On January 27, 2026, petitioner moved for leave to amend his petition, which the Court granted on February 11, 2026. (Dkt. Nos. 11, 13). In his amended petition, he added claims that his detention violated 8 U.S.C. § 1231(a)(6) and *Zadvydas*, as well as that it violated the regulations governing revocation of orders of supervision.

On February 25, 2026, respondents filed a response to the amended petition. (Dkt. No. 15). In their response, respondents "submit that the legal and factual issues presented in this Amended Petition appear similar to those examined by another session of this Court in *Siguenza v. Moniz*." (*Id.* at 1). In that case, another session of this court concluded that "[8 U.S.C.] § 1231(a)(6) no longer authorizes petitioner's detention because there is no significant likelihood that he will be removed in the reasonably foreseeable future." *Siguenza v. Moniz*, 2025 WL 2734704, at *3 (D. Mass. Sep. 25, 2025) (citation modified). Respondents conceded that "the factual and legal issues in the instant matter appear similar to those in *Siguenza* and that if this Court adheres to Judge Burroughs's reasoning, a similar result is likely in this case." (Dkt. No. 15 at 2).

## II. <u>Statutory Framework</u>

The detention of a noncitizen with a final order of removal is governed by 8 U.S.C. § 1231. Under § 1231(a)(2)(A), a noncitizen must be detained for the 90-day removal period after the entry of the final order "so that the government may carry out the noncitizen's removal." *Kong v. United States*, 62 F.4th 608, 620 n.12 (1st Cir. 2023) (citing 8 U.S.C. § 1231(a)(1)-(2); *Zadvydas v. Davis*, 533 U.S. 678, 683 (2001)). "However, the connection between executing a removal order and detaining a noncitizen unravels if the noncitizen is not removed within that ninety-day window, especially when, as in this case, the noncitizen has been released with supervision." *Id.* (citing 8 U.S.C. § 1231(a)(3), (6)). As the First Circuit has explained, under the implementing regulation, "once a noncitizen has been granted supervised release, that release can only be revoked upon a showing that because of changed circumstances there is now a 'significant likelihood that the [noncitizen] will be removed in the reasonably foreseeable future.'" *Id.* (alteration in original) (quoting 8 C.F.R. § 241.13(i)(2)). That is, "ICE's own regulation requir[es] (1) an individualized determination (2) by ICE that, (3) based on changed circumstances, (4) removal has become significantly likely in the reasonably foreseeable future." *Id.* at 619-20. That "determination must be conducted prior to re-detention." *Huynh*, 2026 WL 183467, at *3 (citing cases). Moreover, ICE carries the burden of proving that removal was significantly likely in the reasonably foreseeable future. *See Tran*, 2025 WL 3724853, at *2 (citing cases).

The regulation lays out factors for ICE to consider in deciding whether changed circumstances exist. *See* 8 C.F.R. § 241.13(f). "Courts considering a challenge to re-detention must review ICE's determination 'in light of' those same factors." *Huynh*, 2026 WL 183467, at *3 (quoting *Kong*, 62 F.4th at 620). Those factors include, but are not limited to, (1) the history

of the noncitizen's efforts to comply with the removal order, (2) the history of ICE's efforts to remove noncitizens generally to the country in question or to third countries, (3) the ongoing nature of ICE's efforts to remove the individual noncitizen, (3) the reasonably foreseeable results of those efforts, and (5) the views of the Department of State regarding the prospects for removal of noncitizens to the country in question. 8 C.F.R. § 241.13(f). Furthermore, while "there is no presumptive period of time within which the [noncitizen's] removal must be accomplished, . . . the prospects for the timeliness of removal must be reasonable under the circumstances." *Id.*

## III. **Analysis**

For the reasons that follow, this Court concludes that the re-detention of petitioner violates 8 C.F.R. § 241.13.[2]

To begin, nothing in the record shows that there is a "removal has become significantly likely in the reasonably foreseeable future." *Kong*, 62 F.4th at 619-20. In the declaration provided by an ICE officer, respondents simply state that "ICE is actively working with ERO Headquarters to identify a third country for [petitioner's] removal." (Decl. of Keith M. Chan ¶ 21). Presumably, ICE has been doing so since petitioner was first ordered removed to a third country in September 2024, without success. The mere statement that ICE is "actively working" to identify a third country for removal is far from sufficient for respondents to meet their burden of demonstrating that removal is significantly likely in the reasonably foreseeable future. 8 C.F.R. § 241.13(i)(2); *see Tran*, 2025 WL 3724853, at *2.

[2] Some courts have noted uncertainty concerning whether 8 C.F.R. § 241.13 is applicable in circumstances such as those presented in this case, or whether ICE need only comply with the requirements of 8 C.F.R. § 241.4. *See Siguenza*, 2025 WL 2734704, at *2 n.1. But in *Kong*, the First Circuit explicitly noted that "ICE's decision to re-detain a noncitizen . . . who has been granted supervised release is governed by" § 241.13. *See Kong*, 62 F.4th at 619-20.

Furthermore, the record includes no evidence that ICE considered the factors enumerated at 8 C.F.R. § 241.13(f) to determine that changed circumstances warranted petitioner's re-detention. The "history of the noncitizen's efforts to comply with the removal order" are mixed; under the terms of the removal order, petitioner cannot be removed to his home country of Mexico, and he did provide a list of potential third countries for removal when requested by ICE. (Am. Pet. ¶¶ 8, 11-12). The government's efforts to remove noncitizens to third countries have been mixed, as noted in several recent judicial opinions. *See D.V.D. v. U.S. Dep't of Homeland Sec.*, 2026 WL 521557, at *1-2 (D. Mass. Feb. 25, 2026); *Department of Homeland Sec. v. D.V.D.*, 145 S. Ct. 2153, 2153 (2025) (mem.). ICE provides little detail about its ongoing efforts to remove petitioner, but it appears that its efforts did not begin in earnest until after he was re-detained. (Decl. of Keith M. Chan ¶ 21). Such efforts, obviously, cannot have retroactively justified the decision to re-detain him. And, as described above, ICE provides no evidence suggesting that it is reasonably foreseeable that such efforts will lead to his removal in the near future.

Finally, the Court notes that petitioner has now been in custody for 92 days—longer than the length of mandatory detention during the statutory 90-day removal period following entry of a final removal order. The fact that petitioner has not been removed—nor, it seems, even had a third country for removal identified—within the time period that Congress deemed reasonable to effectuate removal is further evidence that the "the prospects for the timeliness of [petitioner's] removal [was not] reasonable under the circumstances." 8 C.F.R. § 241.13(f).

Given all this, as well as respondents' concession that "the factual and legal issues in the instant matter appear similar to those in *Siguenza*," the Court has little trouble concluding that petitioner's re-detention violates ICE's own regulations, because there is no significant

likelihood that petitioner will be removed in the reasonably foreseeable future. Petitioner's detention is thus "in violation of the . . . laws . . . of the United States." 28 U.S.C. § 2241(c)(3); *see Nguyen*, 788 F. Supp. 3d at 152 ("ICE, like any agency, has the duty to follow its own federal regulations." (quoting *Rombot v. Souza*, 296 F. Supp. 3d 383, 388 (D. Mass. 2017))). The Court will therefore grant his petition.[3]

## IV. Conclusion

For the foregoing reasons, the petition for a writ of habeas corpus under 28 U.S.C. § 2241 is GRANTED. Respondent Antone Moniz is hereby ORDERED to immediately release petitioner pursuant to the conditions in his preexisting Order of Supervision. Nothing in this order prevents respondents from continuing to work to identify a third country that will accept petitioner and, if and when ICE secures travel documents for petitioner, from re-detaining him to effectuate his removal, in accordance with applicable federal law and regulations. The claims against respondents Patricia Hyde, Todd Lyons, and Kristi Noem are DISMISSED.

**So Ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
United States District Judge

Dated: March 20, 2026

[3] Because the Court concludes that petitioner's redetention violates the relevant regulations, it does not reach petitioner's statutory or constitutional arguments.